WELLS *v.* BOWER.

PRACTICE.—*Pleading.*—*Duplicity.*—*Harmless Error.*—The overruling of a motion to require the separation of several causes of action of the same kind, which are improperly joined in a single paragraph of a pleading, is not available as error on appeal to the supreme court.

From the Jackson Circuit Court.

*W. K. Marshall,* for appellant.

*B. H. Burrell* and *F. Emerson,* for appellee.

PERKINS, J.—Appellant sued appellee, on an account for medical services, amounting to eighty-eight dollars and eighty-seven cents.

Appellee answered in three paragraphs:

1. General denial;

2. Payment;

3. As follows: "And for further answer, the said defendant says, by way of set-off, that when this suit was commenced, the plaintiff was and still is indebted to him in the sum of one hundred and twenty-five dollars, upon a note executed to one Ryan Fish, by the said plaintiff, and which note the said Ryan Fish assigned in writing to this defendant, February 12th, 1874, a copy of which note is filed herewith; and the said plaintiff was also indebted to the said defendant, at the time of the commencement

of this suit, and is still indebted to him, in the sum of fifty-three dollars and thirty-three cents, balance due the defendant on settlement made April 22d, 1870; and, also, in the further sum of fifty-four dollars for interest due on certain notes given to James H. Green, by plaintiff, and assigned to this defendant, by said Green, which notes are in the possession of plaintiff, and a copy thereof can not be filed herewith; and, also, in the further sum of thirty-eight dollars, paid on the taxes of plaintiff, at his request; and, also, in the further sum of ten dollars, paid to Ryan Fish, at plaintiff's request; and defendant offers to set off a sum equal to the plaintiff's claim, and demands judgment for one hundred dollars." A copy of the note above described and made an exhibit is filed with the answer.

The plaintiff thereupon filed this motion: " The plaintiff says that separate defences are improperly united in the third paragraph of answer, and moves that the defendant be required to separate his said defences, in said paragraph, into separate paragraphs."

The motion was overruled and exceptions taken, and a bill of exceptions showing the overruling of the motion was at once filed, but without being signed by the judge. The plaintiff then replied in four paragraphs, each paragraph being directed to different items of the aggregate claims set up in the paragraph of set-off, of the answer.

The defendant demurred to the reply, the demurrer was overruled, and the defendant excepted; but this ruling, being in favor of the appellant, can not be complained of by him, and no cross-error is assigned. We need not, therefore, further notice this ruling.

The cause was tried by jury, and a verdict returned in favor of the appellee for sixty-two dollars.

Appellant filed a motion for a new trial, alleging as grounds that the verdict was contrary to law and evidence, was not sustained by the evidence, and that the damages were excessive.

The motion was overruled, and judgment rendered on the verdict.

There is no bill of exceptions in the record.

The alleged errors assigned in this court are two: ·

1. In overruling the appellant's motion to compel the appellee to separate the third paragraph of his answer into several separate paragraphs.

2. In overruling the motion for a new trial.

The overruling of the motion to require a separation of the third paragraph of answer into several paragraphs presents the only question for consideration by this court.

Conceding, for the purposes of this case, that the third paragraph of answer may not be treated as an answer of an aggregate amount of set-off, with a specification of particulars, and that the ruling of the court below, upon the motion to separate, is before us in the absence of a bill of exceptions, we examine the question presented upon its merits. We treat the paragraph of answer as one containing more than one matter of defence. The defect of this paragraph, in that view, is what is known to the law as duplicity. It is a fault that violates the rule of law requiring singleness of issues;—a rule useful in itself, as singleness of issues tends to secure accuracy on the part of the jury trying the cause, in arriving at a correct finding of the issues. But such a result may be arrived at, where this rule of pleading is not conformed to, by due care on the part of counsel and the court in presenting and admitting evidence, and in arguing the cause and in instructing the jury. Hence, a departure from the rule may work no harm. This conclusion has long ago been arrived at in England, and been subsequently acted upon in ˙practice.

Gould, in his work on pleading, says, p. 406, " But double pleading (or duplicity) when not warranted by the statute, is only a fault in form; * * * and * * no advantage can be ˙taken of it, except by special demurrer."

Such being the law, we are prohibited from reversing the case, on account of the ruling complained of, by our statutes of *jeofail*, which are substantially a copy of the English, but a little broader.

2 R. S. 1876, p. 412, sec. 160, enacts, that " On an appeal the court must give judgment, without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

See, also, *id.*, sec. 580, p. 246. And *id.*, sec. 52, p. 59, may be considered as a part of our statutes of *jeofail.* That section enacts, that " No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action." The theory upon which this statute was enacted is in harmony with the decision we make in the cause now under consideration.

The judgment is affirmed, with costs.